## Oliver W. McKenzie

### v.

## Joseph M. Remington.

1. New trial—*newly discovered evidence.* Where newly discovered evidence is merely cumulative, and not of a conclusive character, it is not a sufficient ground for granting a new trial.

2. Instructions—*clerical mistake in.* Where the word plaintiff is used in an instruction instead of the word defendant, and the mistake is so palpable as to correct itself on a reading, it will be no ground for a reversal.

3. Same—*marking as given.* A judgment will not be reversed because instructions are not marked "given," when the record shows that they were in fact given.

Appeal from the Circuit Court of Bureau county; the Hon. Edwin S. Leland, Judge, presiding.

Mr. G. W. Stipp, and Mr. J. J. Herron, for the appellant.

Mr. J. I. Taylor, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of trespass, brought by the appellee, in the court below, against the appellant, to recover for damage done by appellant's cattle to appellee's crops, the trial

resulting in a verdict and judgment for $116, against the appellant.

It is insisted that the verdict was against the evidence. There was evidence to the effect that appellee had 20 acres of corn, 16 acres of oats, and 3 acres of Hungarian grass, in the same field; that at seven different times, between July 3 and August 21, a large number of appellant's cattle and horses were found feeding upon these crops; at the last time 75 head of cattle and 8 head of horses, and nearly as large a number at two or three of the other times; that the crops were thereby very much injured, the details thereof being given in full. The evidence in regard to the extent of the damage was conflicting. We can not say that there was not evidence to sustain the finding of the jury as to the amount of the damage.

Appellant claims there was a settlement of the damages by arbitration. Two persons, Arkley and Hixon, were called by the parties to settle the damage done by appellant's cattle on the one occasion of the 18th of August, and they assessed the damages done on that occasion at $23.40, and the previous damage, as is urged by appellant, at $5.

The evidence is conflicting as to whether any previous damage was submitted to be arbitrated. Appellee and his son testify that there was a revocation by appellee of the authority of the arbitrators to make an award in regard to any previous damage. The circumstances are corroborative of their testimony.

The jury might, not unwarrantably, find from the evidence that there never was a valid arbitration between the parties in respect of any damages antecedent to the 18th of August. The cattle had been in upon the crops five times previously, according to the evidence.

There was a conflict of testimony as to the date of this arbitration. Appellee testified that it was on the 18th of August, which would leave one of the trespasses, that committed on the 21st of August, not covered by the arbitration.

Appellant testified that the arbitration occurred after the 21st of August, after the last trespass was committed. Appellant entered a motion for a new trial, on the ground of newly discovered evidence that the arbitration was had after the 21st of August, and assigns for error the overruling of this motion. The newly discovered evidence was merely cumulative and not conclusive, and not sufficient ground for granting a new trial, as this court has in such cases often held. And if the matter submitted to arbitration embraced but the one trespass, that of August 18, it would not be important whether the time of the arbitration was before or after that of the commission of the last trespass.

Objection is taken to some of the instructions given for the plaintiff, wherein the word plaintiff occurs instead of defendant, so as to make them read, literally, that if the cattle and horses of the plaintiff committed the trespass complained of, the jury should find for the plaintiff.

The mistake is so palpable that it corrects itself upon the reading, and it can not be supposed that it could have misled the jury.

It is assigned for error that the 3d and 5th instructions asked by the defendant were not marked "given," as required by the statute.

It is recited in the bill of exceptions that "the court then and there instructed the jury in behalf of the defendant as follows, to-wit:" and then follow five instructions, among which are the said 3d and 5th instructions.

In *Cook* v. *Hunt,* 24 Ill. 550, it was held that a judgment should not be reversed simply because the instructions were not marked "given," if the record shows what was done with them.

Finding no material error in the record, the judgment is affirmed.

*Judgment affirmed.*