WILLIAM TOBIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 10, 1881.*

1. INSTRUCTIONS—*failure to mark as "given."* A judgment of conviction in a criminal case will not be reversed merely because the court failed to mark two of the defendant's instructions as "given," where the record shows they were given to the jury as asked.

2. NEW TRIAL—*for newly discovered evidence.* A new trial will not be granted on the ground of newly discovered evidence, where it does not appear but the evidence might have been had on the trial by the exercise of reasonable diligence, nor where such evidence is in its nature impeaching, only.

3. SAME—*absence of witness by sickness.* A new trial will not be granted in a criminal case because an important witness was prevented from attending the trial by sickness, and the prisoner's counsel failed to bring such fact to the notice of the court. The party in such case should have asked for a continuance.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. HOLDEN & TERHUNE, for the plaintiff in error:

The law intends that every one shall have a fair trial. If, by any misfortune or accident, without any fault on his part, a party has been unable to present the merits of his case before the jury, the court should allow him another hearing. *Schlencker* v. *Risley*, 3 Scam. 483.

It was error, and calculated to mislead the jury, for the court to give two of defendant's important instructions without marking them as given. Rev. Stat. 1874, chap. 110, sec. 54; *Kepperly* v. *Ramsden*, 83 Ill. 354; *Calef* v. *Thomas*, 81 id. 478.

The affidavits of newly discovered evidence were sufficient, and the court ought to have granted a new trial.

Mr. LUTHER LAFLIN MILLS, State's Attorney of Cook county, and Mr. GEORGE C. INGHAM, Assistant State's Attorney, for the People:

It is the settled law in this State, that a judgment will not be reversed simply because the instructions were not marked, if the record shows what was done with them. *Cook* v. *Hunt*, 24 Ill. 550; *McKinzie* v. *Remington*, 79 id. 390.

To be adequate in support of the motion, these affidavits must set forth evidence discovered since the trial, and it must appear that such evidence could not have been discovered, by reasonable diligence, before the trial. 1 Bishop's Crim. Proc. sec. 1279.

The affidavit should have negatived every circumstance from which negligence may be inferred. *Crozier* v. *Cooper*, 14 Ill. 139; *Wright* v. *Gould*, 73 id. 57.

Newly discovered evidence, which in its nature is impeaching, will not authorize the granting of a new trial. 1 Bishop's Crim. Proc. sec. 1279; 80 Ill. 388; 69 id. 355; *Higgins* v. *People*, 98 id. 520.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

At the April term, 1881, of the Criminal Court of Cook county, William Tobin was convicted of the crime of robbery, and sentenced to imprisonment in the penitentiary for the term of one year. This court is asked to reverse the judgment of the court below, for two reasons:

*First*—Because two of the instructions asked by the defendant were not marked "given," or "refused," by the presiding judge.

The statute provision is: "And when instructions are asked which the judge can not give, he shall, on the margin thereof, write the word 'refused,' and such as he approves he shall write, on the margin thereof, the word 'given.'" The record shows that both instructions were given to the jury as asked.

We do not perceive that any harm resulted to the defendant from the instructions not being marked "given." In *Cook* v. *Hunt*, 24 Ill. 550, we said this statute was directory to the court, and should be obeyed, but that a judgment should not be reversed simply because the instructions were not marked "given," if the record shows that they were in fact given; and see *McKenzie* v. *Remington*, 79 Ill. 388. *Calef* v. *Thomas*, 81 Ill. 478, and *Kepperly* v. *Ramsden*, 83 id. 354, in nowise militate against those decisions, as is contended by plaintiff in error. We do not consider, as is urged, that the marking of some of the instructions for the defendant "given," and the failure to so mark the two instructions in question, was such an omission as to mislead the jury, to the prejudice of the defendant, and require a reversal of the judgment.

*Second*—It is urged that the court below erred in overruling the motion for a new trial, based upon certain affidavits submitted to the court, of newly discovered evidence. These were the affidavits of Ryan, the proprietor of the bar-room in which the robbery occurred; of Nelson, his assistant bar-

keeper, and of one Roche, that they were all present in the bar-room at the time of the robbery, and that the defendant was not then present in the room.

Defendant sets out in his own affidavit which he made, that he had expected to have present at the trial, Ryan, to testify in his behalf, but that Ryan was, on the day of trial, confined to his bed by sickness; that that fact was communicated to defendant's counsel, but they failed to bring it to the notice of the court, or to apply for a continuance of the cause. If Ryan was a material witness for defendant, and unable to attend the trial from sickness, application should have been made to the court for a continuance of the cause. Having voluntarily gone to trial without such application for a continuance, and an adverse verdict having been rendered, the absence of the testimony of Ryan can not be made the ground for a new trial. As to Nelson and Roche, it does not appear but that their evidence might have been had at the trial by the exercise of reasonable diligence. The affidavits of Mary Tobin and Kitty Devitte were to the effect that after the trial they had an interview with Young, the prosecuting witness, who testified on the trial that defendant robbed him, and that in such interview Young admitted that it was not defendant who robbed him. This is in the nature of impeaching evidence. Newly discovered evidence, which is in its nature impeaching, will not authorize the granting of a new trial. *Martin* v. *Ehrenfels*, 24 Ill. 187; *Kendall* v. *Limberg*, 69 id. 356; *Knickerbocker Ins. Co.* v. *Gould*, 80 id. 388.

Finding no cause for reversing the judgment, it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: The affidavits presented on the motion for a new trial, taken with the proofs on the trial, convince me that Tobin was not present when the robbery was committed, and really had no connection with the offence. The robbery occurred in a drinking room connected with a

dancing hall, about midnight, when some sixty persons were present, amid much confusion and considerable drunkenness.

The only testimony at the trial tending to show that Tobin was present when Young was robbed of his watch, was that of Young and one King. This testimony shows that King is a confessed thief, and that at the time of the robbery he and Young had been drinking very freely, and that the doors of the room were closed instantly, for the purpose of searching each person in the room. The testimony of Kennedy, given on the trial, is, that he witnessed the scuffle in which the robbery occurred, and did not see Tobin there. Annie Stark and Minnie Duly swear, that when the doors were closed Tobin was not in the room where the robbery occurred, but had been in the dancing hall, and was then on his way escorting one of these girls towards that room, and by the closing of the doors was shut out. Tobin's affidavit shows the same thing, and that he entered the room with the police officers, when the door was opened for the officers. The affidavit of Ryan, the proprietor of the bar-room, and that of Nelson, his assistant bar-keeper, and that of John Roche, who were all in the bar-room when the scuffle and robbery occurred, and when the doors were closed, all agree in saying Tobin was not there. The affidavits of Kitty Devitte, Mary Tobin, and of the accused, show that Young, after the trial, said he had become satisfied that Tobin was not engaged in the robbery, and that he had ascertained who the real thieves were.

Being convinced that Tobin is not guilty, I do not think that any arbitrary rule as to newly discovered evidence should bind the court, so as to require a man to be sentenced to the penitentiary who so plainly seems to be innocent.