## THE CHICAGO & ALTON RAILROAD COMPANY
### v.
## JULIUS J. ELMORE.

*Railroads—Injury to Stock—Burning Grass—Instructions—Technical Objections—Failure of Jury to Specify under Which Count Verdict Was Rendered—Practice.*

1.    Where the evidence upon a question of fact is conflicting the verdict of the jury thereon will not be disturbed.

2.    Assignments of error not called to the attention of the court below upon the motion for a new trial but first raised here, can not be considered.

3.    Technical objections to instructions will not be considered by this court where it appears that the jury could not reasonably have been misled.

4.    It is not error for the jury to fail to find and return in their verdict under what count of the declaration they find a defendant guilty.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

A railroad company is not required to keep such a guard on its fence or gate as to know the instant a breach occurs and repair at the time. C. & N. W. R. R. Co. v. Harris, 54. Ill. 528–531; Ill. Central R. R. Co. v. Dickerson, 27 Ill. 55; C. & N. R. R. Co. v. Barrie, 55 Ill. 226.

The evidence above cited shows that, if there was any defect in the fastening, it was not patent or discernible except upon a close examination, and that neither those using it and specially interested in its condition, nor any officer or agent of the company, had any knowledge or notice of any defect at the time of the accident.

Where a railroad fence, apparently good, is defective, the company must have notice of the defect before it can be held liable for any injury to stock. C., B. & Q. R. R. Co. v. Seirer, 60 Ill. 295; Ind. & St. L. R. R. Co. v. Hall, 88 Ill. 368.

A railroad company will not be liable for the temporary insufficient condition of its fence unless it has notice thereof and thereafter has neglected to repair. C. & A. R. R. Co. v. Umphenour, 69 Ill. 198.

No lapse of time is of itself conclusive that the railroad company knew or ought to have known of the defect in the fence. Each case depends upon its own circumstances. The company is bound to repair only within a reasonable time after the defect becomes apparent, all the circumstances being taken into account. Cleveland, etc., R. R. Co. v. Brown, 45 Ind. 91; Perry v. Dubuque, etc., R. R. Co., 36 Iowa, 102.

And a very different rule as to diligence should be applied where the defect is a broken hinge or a bent fastening or hook, from that which would be applicable where a fence is thrown down or a wide breach made therein.

While it is the duty of a railroad company to use diligence in noting and repairing defects or breaches that may occur in its fences, it is also the duty of the adjacent owner to be vigilant and give notice to the company if any defects are found. C., B. & Q. R. R. Co. v. Seirer, 60 Ill. 295; Poler v. N. Y. Cent. R. R. Co., 16 N. Y. 476–481.

We think the principles above laid down, when applied to the evidence offered by appellee alone, distinctly show that he has no right to recover under the first count of his declaration.

Messrs. Morrison & Whitlock, for appellee.

Conger, J.   The appellee, Julius J. Elmore, is the owner of a farm on which he resides, situated in the northeastern part of Morgan county, Illinois.   The railroad of the appellant runs through this farm.   During the night of August 1, 1888, two horses belonging to appellee got upon the railroad track of appellant and were killed by the trains of appellant. These horses went upon the track through a gate leading from the pasture of appellee to a farm crossing over the railroad.   On the 7th of February, 1889, an acre or two of grass was burned upon a pasture of appellee adjoining the right of way of appellant, by means of a fire originating upon the right of way.   Appellee brought this action to recover from appellant damages alleged to have been sustained by him in the killing of said horses and the burning of the grass upon his pasture.

The declaration of appellee contains two counts.   In the first count of his declaration, as amended, appellee charges that "it was the duty of said defendant to construct and maintain at farm crossings, gates or bars sufficient to prevent horses from getting on its railroad track, but that said defendant did not construct gates or bars at the farm crossings over its said road and thereafter maintain the same sufficient to prevent horses from getting on its said railroad, but neglected so to do, by means whereof two horses of the plaintiff, by reason of said gate not being constructed or maintained as aforesaid, on or about the 1st day of August, 1888, strayed from the pasture of the plaintiff in said county of Morgan contiguous to said defective gate onto the track of said railroad," and were there struck and killed by the train of appellant.

In the second count of his declaration, appellee charges that it was the duty of appellant to keep its right of way free from dead grass, etc., etc.; that appellant failed to do so, by

means whereof fire was communicated from a passing engine to such dry grass, etc., which was communicated to grass in a pasture of appellee, contiguous to said right of way, etc.   This suit was instituted at the May term, 1889, of the Circuit Court of Morgan County, tried before a jury, who found a verdict for the plaintiff, assessing his damages at $396.   A motion made by appellee to set aside the verdict and grant a new trial was overruled and judgment rendered on the verdict against the appellant, who brings this appeal to reverse said judgment.

The defect in the gate complained of, was an alleged defective fastening.   The one used was called a "standard fastening," and consisted of a chain from nine to twelve inches in length fastened to the gate by a staple, and a hook driven into the gate post.   The gate was fastened by slipping a link of the chain over the hook.   This hook was constructed with a stem about four inches in length, that was driven into the post by means of a shoulder under the curved part.   This curved part, or hook, was intended to stand up two, or two and one-half inches perpendicular to the stem, when driven into the post.   It was insisted by appellee that this hook pointed or leaned to the gate, instead of being perpendicular, so that any pressure on the gate would push the chain over the hook, and the gate would swing open.   Appellants insist that the evidence was not such as to justify the jury in believing that this defect existed in the hook at the time the horses passed through the gate, and even if it was, it had not so existed for a sufficient length of time to hold the company responsible for the consequences that resulted.   This was the principal controverted question of fact upon the trial, and after examining the testimony with care, we are not prepared to say that the jury were not authorized to find as they did upon it.   The most that can be said is that the evidence upon this point is conflicting, and in such cases the verdict should not for that reason alone be disturbed.

The first assignment of error upon the record is: "The court erred in admitting incompetent testimony for the appellee over the objection of the appellant,"—and the second is: "The court erred in excluding competent evidence offered

by the appellant." As neither of these assignments of error
were called to the attention of the court below in the motion
for a new trial, and are for the first time raised in this court,
they can not be considered.

The third assignment of error is that the court erred in
giving to the jury improper instructions for the appellee.
The objections pointed out are exceedingly technical. The
first instruction was as follows:

" The court instructs the jury, for the plaintiff, that it is the
duty of railroad companies in this State, six months after the
road has been opened and operated, to construct and maintain
at farm openings, gates or bars sufficient to keep cattle and
horses from getting on said road, and in this case if you find
from the evidence that said gate was constructed with insuffi-
cient fastenings, so that said gate was not held close thereby
and prevented from swinging open when shut, then in law
such gate would not be a compliance with the law; and if you
find from the evidence that the said gate swung open by rea-
son of such defective fastenings, and that thereby the horses
of the plaintiff got on the track of the defendant and were
thereby killed, then in law the defendant would be liable in
this case for whatever sum the evidence may show to have
been the value of said horses, together with a reasonable
attorney's fee for suing for the same." The objection is to
the use of the word " constructed." It is insisted that this
word referred to the condition of the gate and its fastenings
when originally made, or constructed, and not to the time the
horses passed through it.

The second instruction is criticized because not modified by
a statement that appellant had notice of such defect, or that
it had existed for such length of time prior to the accident as
to authorize a presumption of notice. It is as follows:

" The duty of railroad companies to build and maintain
gates or bars at farm crossings is not complied with by build-
ing a gate with a defective fastening, and in this case if the
evidence shows that the fastening of said gate was so defect-
ive that when shut it would, on pressure of wind against it or
other ordinary forces, swing open, then in law such gate so

constructed would not be in compliance with the statutes of this State." The controversy before the jury was as to the condition of the gate and its fastening at the time of the accident. The attention of the jury was directed to that point, and not as to whether it had remained in a defective condition for any particular length of time. We think any reasonable jury would have understood both of these instructions as referring to the real condition of the gate and its fastening at the time of the accident, and, while they may be subject to verbal criticism, they could not have prejudiced the rights of appellant.

It is also urged there was error in the jury failing to find and return in their verdict under what count of the declaration they found appellant guilty. We do not think this point is well taken. If appellant desired the finding to be special as to any particular fact or facts, it could have submitted them under the statute; but nothing of the kind was attempted.

An instruction for appellant was given that the verdict might take the form of finding as to the first and second counts of the declaration, but they were not told it was obligatory upon them to do so, nor do we see how the jury could have been required to return what part of their verdict was based upon the value of the horses, and what upon the damages caused by the fire. If they had found against appellant upon one only of the counts, it is to be presumed they would have followed the suggestion of the court, and returned the form of verdict insisted upon by appellant; but not having done so, it is reasonable to suppose that the amount of the verdict is based in part upon both counts.

We see no good reason for disturbing the judgment of the Circuit Court, and it will therefore be affirmed.

*Judgment affirmed.*