## Norman Frame & Son v. Perry W. Murphy.

1. INSTRUCTIONS—*Failure to Mark Given.*—While the statute requiring the trial judge to mark instructions on the margin " given " or "refused," is directory and should be obeyed, a judgment will not be reversed merely because the instructions were not marked " given " when the record shows they were given.

2. APPELLATE COURT PRACTICE—*Reasons Not Set Out in the Motion for a New Trial, Waived.*—Where an unsuccessful party has filed certain points in writing, particularly specifying the grounds of his motion for a new trial, he will be confined in the Appellate Court to the reasons specified in the court below, and must be considered as having waived all causes for a new trial not set out in his motion.

**Memorandum.**—Trover. In the County Court of McHenry County; the Hon. C. H. DONNELLY, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1894, and affirmed. Opinion filed January 24, 1895.

JOSLYN & CASEY, attorneys for appellants.

V. S. LUMLEY, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action of trover by appellee against appellants to recover the value of sixty-four bushels and twenty pounds of cucumbers which were placed in appellant's pickle factory at Woodstock, Ill., to be salted and cured.

There was a recovery in the County Court for $75.26.

The evidence shows that a crop of 735 bushels of cucumbers was raised on the farm of appellee under an arrangement with one Thomas Green, that appellee should furnish the land, a horse and cultivator, and Green should cultivate and gather the crop, the proceeds to be divided equally. Under their agreement the 735 bushels were placed in appellant's factory to salt and cure for fifteen cents per bushel. While the cucumbers were being hauled to the factory, Green obtained from appellants, four dollars, and appellee twenty-five dollars. The cucumbers were stored in appellee's name and shortly afterward appellee bought Green's interest. Appellee then sold to an eastern buyer by the name of Moody, at one dollar per bushel, subject to salting and curing contract of fifteen cents per bushel. Appellants delivered all to Moody except the sixty-four bushels and twenty pounds in controversy which they claimed to have

bought at forty-five cents per bushel, and paid for in the four dollars to Green and the twenty-five dollars to appellee.

The chief contention of appellants is that the pickles in controversy were purchased by them. It is claimed by them that the contract of purchase was made by Norman Frame with Green at the time the latter received the four dollars and subsequently confirmed by appellee at the time he received the twenty-five dollars. This is denied by appellee and both he and Green swear that the amounts received by them were simply borrowed. Here was a conflict coming most fitly within the province of the jury for decision. There is nothing to indicate that they were actuated by passion or prejudice, or that they misapprehended the facts. In fact we think they were led to their decision by a preponderance of the evidence.

It is claimed that the cucumbers were bought of Green, yet there was no entry made of such purchase from him upon the books of appellant. An explanation for this is advanced in the fact that no account was opened with Green, but that the entire account was carried in the name of appellee. But there was no entry of the sale made at the time in the account of appellee, and some time afterward William Frame, a member of the firm, who kept the books, accepted a return of the twenty-nine dollars from appellee who stated at the time it was money borrowed from Norman Frame. This amount was retained until appellee made a formal demand of the pickles for the purposes of this suit when appellants offered to pay it back. If the pickles were really purchased it seems somewhat strange that no entry of that fact should be made upon the books at or near the time, and that the twenty-nine dollars which had been paid to appellants as a return of borrowed money should be retained until the taking of the first step in the direction of a suit.

The necessary demand and tender of the amount due for salting and curing was sufficiently proven.

The evidence tended to show that Moody paid the fifteen cents per bushel for the salting and curing of the pickles

taken by him. Appellants did not deny that he had and upon the trial laid no claim to the pickles in controversy on that score, but claimed them solely upon the ground of purchase.

We see no error in the instructions given to the jury.

The court failed to mark any of the instructions offered as " given " or " refused " and for that reason it is urged the judgment should be reversed.

It appears from the record what instructions were read to the jury and what were refused. The only two offered by appellants were read. While the statute requiring the trial judge to mark instructions on the margin " given " or " refused " is directory and should be obeyed, a judgment will not be reversed merely because the instructions were not marked " given " when the record shows they were given. Cook v. Hunt, 24 Ill. 550; McKenzie v. Remington, 79 Ill. 388; Tobin v. The People, 101 Ill. 388.

The neglect of the court to mark the instructions was not specified as one of the grounds for a new trial in the motion filed by appellants in the County Court.

Where an unsuccessful litigant has filed certain points in writing, particularly specifying the grounds of his motion for a new trial, he will be confined in the Appellate Court to the reasons specified in the court below, and must be considered as having waived all causes for a new trial not set forth in the written grounds. The Ottawa, Oswego & Fox River Valley R. R. Co. v. McMath, 91 Ill. 104; Chicago & Alton R. R. Co. v. Elmore, 32 Ill. App. 418. Judgment affirmed.