## Cleveland, C., C. & St. L. Ry. Co. v. Henry A. Huston.

1. VERDICTS—*On Conflicting Evidence.*—There was a conflict in the testimony on the questions of fact involved in this case, and it was for the jury to say with whom was the weight of the evidence; and as this court can not say that their verdict is not sustained by the evidence it must stand.

2. INSTRUCTIONS—*Effect of Failure of Court to Mark Instructions "Given" or "Refused."*—A judgment will not be reversed merely because an instruction was not marked "Given" when the record shows it was given.

Trespass on the Case, for injuries to a horse. Appeal from the Circuit Court of Edgar County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1897. Affirmed, Opinion filed June 3, 1898.

C. S. CONGER, attorney for appellant.

DUNDAS & O'HAIR, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

The declaration in this action is in case, and contains two counts. The first charges negligence on the part of appellant's employes, in failing to give the statutory signals for the public crossing at Central avenue in the city of Paris, Illinois, at which time appellee's servant was approaching

the same with his horse and within some ninety feet thereof, when the horse became frightened, reared up and fell and broke his leg, and was thereafter worthless. The second count charges the same negligence in not giving the statutory signals for the crossing, and in addition charges that the. employes of appellant carelessly and negligently caused large quantities of steam to escape unnecessarily from the engine with loud and startling noises, by which the horse became frightened, uncontrollable, and ran away. To the declaration a plea of not guilty was filed. A trial was had with a jury that returned a verdict finding the appellant guilty and assessing appellee's damages at $200, upon which a judgment was entered.

The issues of fact presented to and passed upon by the jury were: Did the employes of appellant fail to ring the bell or sound the whistle as approaching the Central avenue public crossing, and by reason of such failure was appellee's horse injured? Did appellant's employes carelessly and negligently cause large quantities of steam to escape from the engine, with loud and startling noises, by reason of which appellee's horse reared up and fell and broke his leg? Was the street muddy and slippery where appellee's horse fell and received his injury? What damages did appellee sustain on account of the loss of his horse? The assumption is warranted from the verdict of the jury that their finding on these issues of fact was for appellee. There was a conflict in the testimony on each, and it can not be said that the verdict is not sustained by evidence. It was for the jury to determine with whom was the weight of the evidence, and we hold the verdict should stand.

It is claimed on behalf of appellant, that the first instruction given for appellee is erroneous and should not have been given. While this instruction may be the subject of unfavorable criticism, because too general, and not containing certain limitations, still it does not appear it could be harmful, when taken in connection with those given on behalf of appellant and appellee.

The restriction asked to be placed on appellee's second

instruction, that the use of the phrase "at the time of the injury, using ordinary care," etc., means at the instant the injury occurred, is not borne out by the language of the instruction, and hence is not misleading.

The second instruction asked by appellant and given by the court, was not marked either "Given" or "Refused." It is claimed this was error. It does not appear from the record that this objection was urged in the court below as a ground for a new trial, nor is it assigned on the record in this court as one of the errors complained of. If it were reversible error, it is now too late to be available. A judgment will not be reversed merely because the instructions were not marked "Given" when the record shows they were given. Frame & Son v. Murphy, 56 Ill. App. 555; Cook v. Hunt, 24 Ill. 535; McKenzie v. Remington, 79 Ill. 388; Tobin v. The People, 101 Ill. 121.

Believing there is no reversible error in this record, the judgment of the Circuit Court is affirmed.