WILLIAM H. HART, Appellee, *vs.* THE WABASH SOUTH-
ERN RAILWAY COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. PLEADING—*when declaration, after verdict, is sufficient to
authorize recovery for permanent injury to land.* A declaration
charging that the plaintiff's premises have been rendered valueless
because the embankments and ditches made by the defendant rail-
road company on its premises have caused water to flow upon and
remain standing upon the plaintiff's premises, does not authorize a
recovery for damages resulting from the mere fact of the construc-
tion of the embankments and ditches close to the plaintiff's prem-
ises, but is sufficient, after verdict, to authorize a recovery for a
permanent injury from obstructing the flow of water.

2. INSTRUCTIONS—*when failure to mark an instruction "given"
is not reversible error.* Failure to mark an instruction "given" is
not ground for reversal although it was read to the jury, where
such instruction was written above another one on the same sheet
of paper, on the bottom of which the court endorsed the word
"given," intending to endorse both instructions, and where such
instruction appears in the abstract of record following the state-
ment, "and thereupon the court gave and read to the jury, on be-
half of the plaintiff, the following instructions."

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Franklin county; the Hon. JACOB R. CREIGHTON, Judge,
presiding.

W. S. CANTRELL, and L. O. WHITNEL, for appellant.

W. H. WILLIAMS, and W. W. WILLIAMS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee is the owner of the south half of block B in the
city of Benton, Franklin county, Illinois, and appellant is
the owner of the north half of said block. A few months
before the commencement of this suit appellant constructed
a railroad through the city of Benton, which railroad passes

substantially through the center, east and west, of the north half of said block B. First street runs north and south through the city of Benton on the west side of said block B, and South Main street runs north and south through the said city on the east side of said block B. Center street, running east and west, is on the north side of said block, and Plum street runs east and west on the south side. Appellee's residence, barn and other out-buildings are located on said south half of block B. This suit was brought by appellee to recover damages to his property alleged to have been caused by the construction of appellant's railroad adjoining his premises.

The declaration, in substance, charges that appellant purchased the north half of said block B and laid its railroad track on an embankment six feet high constructed for that purpose east and west through the north half of said block and extended said embankment at said height across South Main street on the east and First street on the west, and also excavated a permanent ditch on the south side of said embankment immediately adjoining appellee's premises, six feet deep and ten feet wide; that to provide approaches for street crossings over said railroad appellant constructed a permanent embankment in the streets on both the east and west sides of said block B six feet above the original surface of said street and extended said embankment south in said streets along and in front of appellee's premises, by means whereof the natural flow of surface waters coming upon the premises was obstructed and said premises made a reservoir, in which water was collected and held in such manner and to such extent as to endanger the health of appellee's family and render his premises valueless.

The principal argument of appellant is directed to the proposition that under the declaration in this case appellee was not entitled to recover anything except damages from an accumulation of water upon his premises caused by the embankments erected by the appellant, and that no damages

238—22

could be recovered on account of the mere presence of the embankments and ditch adjacent to appellee's premises. It must be admitted that the declaration was not skillfully drawn. Appellant did not demur but pleaded the general issue. It is not denied that after the building of the embankments and before the commencement of the suit appellee's premises, or the greater portion of them, were overflowed, and a number of times portions of them to a depth of several feet, and that this had never occurred before the building of the embankments. The trial resulted in a verdict for the appellee for $1400, upon which the court, after overruling motions for a new trial and in arrest, entered judgment. That judgment has been affirmed by the Appellate Court and a further appeal prosecuted to this court.

We think it clearly appears that on the trial the injury appellee complained of was treated by the parties and the court as a permanent injury, entitling him to recover the depreciation in the value of his premises on account of their overflow with water caused by the construction of the embankments and ditch, treating them as permanent structures. The declaration is also based upon that theory, and while it does not claim appellee was damaged by the construction of the railroad, or otherwise than by the obstruction of the flow and drainage of the water over his premises and causing it to accumulate and stand thereon, the declaration alleges that these conditions destroyed the value of plaintiff's premises, and he seeks to recover damages for their permanent injury and depreciation. While the declaration is not faultless it is good after verdict. *Kankakee and Seneca Railroad Co.* v. *Horan,* 131 Ill. 288.

Appellant insists that on the trial the court admitted evidence which tended to confuse the injury sustained by appellee by reason of the obstruction of the flow of water, with damages that might have resulted to his premises from the existence of the railroad and its embankment adjacent to his premises, and that such evidence was inadmissible un-

der the allegations of the declaration. It is true, appellee claimed no damages resulting from the mere fact of the railroad being constructed in close proximity to his premises, but sought to recover only for damages resulting to him from the obstruction of the flow of the water and causing it to gather and stand on his premises, and the declaration is based upon the theory that this was a permanent injury, for which the appellee was entitled to recover in one action the entire damages. An examination of the evidence and the rulings of the court does not sustain the contention that the court erred in the respect alleged by the appellant. The damages testified to by the witnesses were damages testified to have been caused by the obstruction of the flow of the water, and we find nothing in the testimony that indicates that the witnesses had in mind in estimating the damages, or that the jury could have understood them as including in the estimate, damages resulting from the existence of the railroad and its embankment independently of the effect produced upon the flow of the water upon appellee's premises. All the instructions given by both sides limited the damages for which recovery might be had, to the injury produced by the obstruction of the flow of the water. The appellant's seventh instruction tells the jury in express terms that appellee could only recover damages caused by water overflowing his premises, and its eighth instruction tells the jury that appellant had the legal right to construct its railroad upon its property and to build embankments for that purpose such as it might deem necessary, and that appellee could not recover damages solely because of the construction of the embankments, but to entitle him to recover he must prove that the appellant's embankments and ditches were so constructed as to cause additional water to flow and back up on his premises. The ninth instruction states substantially the same proposition.

Appellant contends that the court erred in reading an instruction to the jury for appellee that was not marked

"given." It appears from a stipulation in the record that appellee's instructions numbered 2 and 3 in the abstract and record were written on one sheet of paper. At the bottom of the sheet the court endorsed the word "given." Both instructions were read by the court and given to the jury. It is evident the court inadvertently overlooked the fact that two instructions were written on the same sheet of paper, and by endorsing on the sheet the word "given" he intended to endorse, and thought he had endorsed as given, all the instructions contained on the one sheet. The instruction at the top of the sheet which counsel has numbered 2 and complains was not endorsed "given" was read to the jury and they had the benefit of it in their retirement. In the abstract, under the heading "Plaintiff's instructions," it is stated, "and thereupon the court gave and read to the jury on behalf of the plaintiff the following instructions," and instruction No. 2 is one of the instructions embraced under that head. In such case the failure to mark the instruction "given" is not such an error as would justify a reversal of the judgment. *McKenzie* v. *Remington,* 79 Ill. 388; *Tobin* v. *People,* 101 id. 121.

We have examined the other rulings of the court complained of in giving, refusing and modifying instructions and find no substantial error was committed in those respects.

Appellant had a fair trial and was not prejudiced by any ruling complained of, either in the admission of testimony or the giving and refusing of instructions, and we find no justification in the record for a reversal of the judgment. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*