THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. VERN LAWSON, Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*defendant charged with burglary and larceny cannot complain of verdict finding him guilty of larceny, only.* Where a defendant is indicted for burglary and larceny he cannot complain of a verdict finding him guilty of larceny, only, under evidence showing that if he was guilty of larceny he was likewise guilty of burglary.

2. SAME—*what instruction as to credibility of defendant's testimony is proper.* An instruction as to the credibility of the defendant's testimony, concluding that "the jury may also take into consideration the fact, if such is the fact, that he has been corroborated or contradicted by credible evidence," is not subject to the objection that the word "other" is not inserted before the word "credible."

3. SAME—*when defendant cannot complain of court's failure to give instruction.* Where an instruction is given on the subject of the testimony of accomplices, a defendant cannot complain that it is not followed by an instruction on the question of the impeachment of the accomplices as affecting their credibility, where he has not tendered such instruction to the court.

4. SAME—*failure to mark instruction "given" will not reverse.* A judgment of conviction in a criminal case will not be reversed merely because the court failed to mark an instruction as "given," where the record shows that the instruction was given to the jury.

5. SAME—*when an instruction that felonious intent may be inferred from facts and circumstances is proper.* In a prosecution for burglary and larceny, an instruction that the felonious intent with which the building was entered may be inferred from the facts and circumstances in the case is not subject to the objection that there is no circumstantial evidence on which to base the instruction, where there is evidence of the breaking and entering of the building and of the theft of $175 worth of property therefrom.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. WALTER C. FRANK, Judge, presiding.

SWITZER & SWITZER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM R. HARRIS, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

At the January, 1926, term of the circuit court of McDonough county the grand jury returned an indictment against plaintiff in error, Vern Lawson, and Theron Haines, Wayne Oldham, Clarence McCants and Albert McCullough, charging them with the burglary of a certain store building on or about the third day of January, 1926, and stealing therefrom seven spools of copper wire of the value of $175, of the property of the Illinois Bell Telephone Company. The defendants other than plaintiff in error entered pleas of guilty and were released upon probation. Plaintiff in error pleaded not guilty and a jury trial resulted in a verdict of guilty, and he was sentenced to the penitentiary at Joliet in accordance with the verdict. He has sued out a writ of error from this court to review the record.

It is contended by plaintiff in error that the verdict of the jury was contrary to the law and the evidence in the case. The evidence implicating plaintiff in error in the commission of the crime consisted of the testimony of his four co-defendants, who each testified that on the third day of January, 1926, they, together with Lawson, stole seven spools of copper wire of about 200 pounds each, belonging to the Illinois Bell Telephone Company, from a barn of Edgar M. Farmer, which was used for storage purposes; that they made three trips to the barn, on the first of which they stole four spools, on the second two and on the third one, and that the time covered by the entire transaction was from seven o'clock in the evening until about ten. Plaintiff in error, within a few hours after being informed that he was suspected of being implicated in the

crime, fled from his home and was later arrested in Cincinnati, Ohio. He testified that he did not have anything to do with either the burglary or larceny and that he knew nothing of it until he read of it in a newspaper. Several witnesses testified that the general reputation of the co-defendants for truth and veracity was bad in the community in which they resided. Seven witnesses testified for plaintiff in error that they were at his home on the evening of January 3, 1926, from eight o'clock until eleven, and that plaintiff in error was at home during all that time. Several of the witnesses testified that they were there as late as three o'clock in the morning. Plaintiff in error testified that his flight was not occasioned by the charge in this case but was by reason of an indictment against him found by the grand jury for bootlegging. The testimony was highly conflicting, and it was the province of the jury, who saw and heard the witnesses, to determine the amount of credit to be given to each of them. The jury evidently believed the witnesses for the State more worthy of credence than those for the defense, and we are not prepared to say that their verdict was so manifestly against the weight of the evidence as to be the result of prejudice, passion or other improper influence.

It is contended by plaintiff in error that there is no competent evidence in the record of the fair cash market value of the property at the time and place where it was alleged to have been stolen. The State produced an employee of the Illinois Bell Telephone Company who testified that he had been in the employ of the company for seventeen years, and that during all that time he had known the value of copper wire similar to the wire stolen and that he was acquainted with its fair cash market value on January 3, 1926, and he was allowed to testify that the value of No. 14 copper wire similar to the kind testified to in this case on January 3, 1926, was twelve and one-half cents a pound. While technically the testimony should have been limited

to the fair cash market value of the wire, yet it is evident from the testimony of the witness, taken all together, that the value with reference to which he was testifying was the fair cash market value.

Plaintiff in error was indicted for burglary and larceny. The evidence in the case shows that if he was guilty of the larceny of the wire he was likewise guilty of the burglary charged in the indictment. The jury found him guilty of larceny, which amounted to a verdict of not guilty as to the burglary charge. It is contended by plaintiff in error that the jury having found him guilty of larceny, only, and having acquitted him of the alleged burglary, the court erred in sentencing him, because an acquittal of the burglary would necessarily acquit him of the larceny, because he could not have committed the larceny without having committed the burglary. If the evidence on behalf of the State is to be believed, (and the jury found it worthy of belief,) then plaintiff in error was guilty of burglary as well as of larceny, and in such state of the record he cannot complain because he was found guilty of larceny, only. *People* v. *Clements,* 316 Ill. 282.

Plaintiff in error complains of the giving of an instruction upon the subject of the credibility of the witnesses, on the ground that it calls special attention to defendant. This objection is not well taken. An inspection of the instruction shows that by its terms it applies to all the witnesses in the case.

Complaint is made of the giving of an instruction in which the word "storehouse" is used, while in each count of the indictment the wire is alleged to have been stolen from a store room. As the jury found the defendant not guilty of burglary this question of variance does not arise.

Complaint is made of the giving of an instruction on behalf of the State with reference to the weight to be given to the testimony of defendant, the concluding part of which is as follows: "And the jury may also take into consider-

ation the fact, if such is the fact, that he has been corroborated or contradicted by credible evidence." The contention of plaintiff in error is that the word "other" should have been inserted in the instruction before the words "credible evidence," and that the instruction as it was given to the jury in effect told them that defendant's evidence was not credible evidence. The instruction as given is not susceptible of that construction. The court had no right to characterize the evidence of plaintiff in error either as credible or not credible.

Complaint is made of an instruction given to the jury upon the subject of the testimony of accomplices. It is not contended that the instruction given does not state the law correctly, but it is contended that the court should have instructed the jury on the question of the impeachment of the accomplices as affecting their credibility. Had plaintiff in error desired an instruction to be given on this subject he should have tendered one to the court and requested that it be given to the jury. It is likewise claimed that it was error to give this instruction to the jury because it was not marked "given" by the court. A judgment of conviction in a criminal case will not be reversed merely because the court failed to mark an instruction as "given" where the record shows that it was given to the jury. *Tobin* v. *People,* 101 Ill. 121; *People* v. *Wilson,* 298 id. 257.

The court gave to the jury an instruction that to constitute burglary it must be shown that the party breaking or entering the building alleged to have been burglarized entered it with the intent to commit some known felony or larceny, but that the intent might be inferred from the facts and circumstances proven in the case. It is contended that the giving of this instruction was error because it assumes that there was circumstantial evidence admitted in the case, when, in fact, there was no circumstantial evidence on the part of either prosecution or defendant. This is a mistake on the part of plaintiff in error. The State's witnesses tes-

tified to the breaking and entering of the building and that copper wire was stolen from the building after such breaking and entering. The evidence of the stealing after the breaking and entering was circumstantial evidence as to the intent with which the breaking and entering was done, and there was no error in giving the instruction.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.     *Judgment affirmed.*