George Pate, Appellee, v. Robert R. Rodman, Appellant.

Gen. No. 8,300.

Opinion filed June 11, 1929. Rehearing denied October 9, 1929.

Dyer & Dyer, for appellant.

Miles S. Odle, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

George Pate, the appellee, brought this suit in replevin in the circuit court of Vermilion county, to recover certain chattel property which he claimed to own, namely, one Dayton player piano, one black gelding horse 9 years old, one black gelding horse 11 years old, one roan mare 9 years old, one Deering binder, one John Deere gang plow, one Peoria corn dump, one red and white spotted cow, one Hoosier oats seeder, one brown cultivator, one half interest in John Deere corn planter, having a total value of $672. This chattel property together with other property had been described in a chattel mortgage held by the appellant, Robert R. Rodman, as the property of Charles Wood and Dolly Wood, his wife; and had been taken by the appellant under his chattel mortgage.

The issue in the case involves the ownership of the appellee, and appellant's right to the property under the chattel mortgage referred to. The trial resulted in a verdict finding that the appellee had the right of possession of the property in question; and fixing

appellee's damages at $50 for detention of the property. Judgment was rendered on the verdict of the jury and this appeal is prosecuted from the judgment.

It is contended by the appellant for reversal of the judgment, that the verdict of the jury is contrary to the evidence and the law. It is contended, that a portion of this chattel property was acquired by the appellee from Charles and Dollie Wood, in violation of the provisions of the Bulk Sales Law, Cahill's St. ch. 121a, ¶ 1 *et seq.*; and that it constituted the major part of live stock and machinery used on the farm operated by Charles Wood, the mortgagor at the time of the sale of the property to the appellee.

The evidence shows that the appellee previous to the sale of the property referred to, to him, had worked for Wood as a farm hand for a number of years; and was living on the farm with the Woods at the time of the sale; and that at the time of the sale, which was on December 22, 1926, Wood was indebted to the appellee in the sum of $600 for work and labor; and that to satisfy this demand and indebtedness which is not disputed, Wood executed a bill of sale for the property to the appellee. The property sold to the appellee remained on a farm then operated by Wood, where both the appellee and Wood were living, to March 1, 1927, whereupon it was moved to another farm which had been taken possession of by the appellee and Wood and was farmed by them jointly. In the joint operation of the farm referred to, the property which the appellee claimed to own, as well as other property owned by him, and chattel property owned by Wood, was jointly used for their joint farming enterprise; and the appellee and the Woods continued to live together on this latter farm and operate it together. So far as the record shows, the appellee after the sale of the property to him always claimed to own the property in question and exercised such acts of ownership

over the same as appeared to be necessary or incidental to his acquisition of the same; and his ownership was undisputed and recognized by Wood is so far as there was any occasion to do so.

The Bulk Sales Law, Cahill's St. ch. 121a, ¶ 1 *et seq* was enacted to protect the rights of creditors of vendors of property in the sale and transfer of personal property. The evidence does not show that at the time of the sale and transfer of the goods and chattels in question there were any other creditors of Wood whose rights could have been affected by the transfer; and unless the sale and transfer was in conflict with the rights and interests of some other creditor or creditors of Wood, the title to the property passed to the appellee by the bill of sale, and he became the owner of the same; and the Bulk Sales Act, Cahill's St. ch. 121a, ¶1 *et seq.* would have no application to the transaction. The appellant did not become a creditor until after the parties had removed from the farm on which the sale and transfer of the property took place, to the farm operated by them jointly. The chattel mortgage was not executed until May 27, 1927, some time after they had moved to the other farm which the Woods and appellee were jointly operating.

The appellant insists that he has a lien on the property, because when the chattel mortgage was executed in his office as security for a loan of money, that the property in question was listed on the list of property which Wood had handed to him to be included in the chattel mortgage. While this is a controverted question of fact in the case, it clearly appears that if Wood did so, the appellee had no knowledge of the fact that this would be done; and had no knowledge that the property had been included in the mortgage; and never authorized or consented to its being included therein. The fact merely, that it was included in the mortgage by direction or with the consent of Wood

would not deprive the appellee of any rights of ownership or possession which he had in the property; nor would the fact that the appellee and Wood used each other's property and chattels in their joint operation of the farm deprive the appellee of any rights of ownership in the chattels in question; Wood could not by such joint use of the property acquire any right of ownership in appellee's property; neither could the appellee acquire any right of ownership in Wood's property by this joint use of their respective properties.

The evidence warranted the jury in finding that at the time of the replevin of the property in question, the appellee was entitled to the possession of the chattel property in question.

Error is also assigned because the court failed "to mark 'given' or 'refused' on certain instructions tendered by the defendants." The record does not show that the instructions tendered were not given. The mere failure to mark them "given" or "refused" is not ground for reversal of the judgment; nor does it bring to this court for determination the question of the legal propriety of the giving or refusing of the instructions. *Tobin v. People,* 101 Ill. 121; *People v. Bopp,* 279 Ill. 184; *Winslow v. Guthrie,* 113 Ill. App. 50.

The record does not disclose any reversible error, and the judgment is therefore affirmed.

*Judgment affirmed.*