(Nos. 16768, 16769, 16770, 16771.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BOGUE *et al.* Plaintiffs in Error.—Same Defendant in Error *vs.* JAMES BOGUE *et al.* Plaintiffs in Error.—Same Defendant in Error *vs.* JOSEPH KUTSKILL *et al.* Plaintiffs in Error.—Same Defendant in Error *vs.* BENJAMIN YAMONT, Plaintiff in Error.

*Opinion filed December 16, 1925.*

CRIMINAL LAW—*several may be jointly indicted for one offense of rape.* While several persons cannot at the same time commit one offense of rape upon one woman, yet under the law permitting an accessory before the fact to be indicted as principal several defendants may be indicted for the rape of one prosecutrix, and a conviction will be sustained where the evidence is sufficient to show that each of the defendants either perpetrated the crime or was present aiding and abetting in its perpetration.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. FRIEDMEYER, and THOMAS F. SMITH, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, H. E. FULLEN-WIDER, State's Attorney, MERRILL F. WEHMHOFF, and ROBERT JOHNSON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Four separate indictments for rape were returned by the grand jury of Sangamon county against James Bogue, William Bogue, John Kutskill, Joseph Kutskill and Benjamin Yarmont. Indictment 43,637 charged the crime was committed with force and violence upon Ruth Dabney, against her will. Indictment 43,638 charged the crime was forcibly committed upon the person of Margaret Washbond. Indictment 43,639 charged the forcible commission of the crime upon the person of Eythle Davis; and indictment 43,640 charged the forcible commission of the crime upon Cressie Washbond. All of the defendants were alleged to be above the age of sixteen years. When the case came on for trial it was stipulated that all four cases be tried together before the same jury and that a separate verdict be returned in each of the cases. The jury returned a verdict in case 43,637 finding Joseph Bogue, William Bogue and Benjamin Yarmont guilty and fixing their punishment at imprisonment in the penitentiary for one year. In number 43,638 the jury found William Bogue, Joseph Bogue and Joseph Kutskill guilty and fixed the punishment of each in the penitentiary for one year. In number 43,639 the jury found Joseph Kutskill and Benjamin Yarmont guilty and fixed the punishment of each in the penitentiary for one year. In number 43,640 the jury found Benjamin Yarmont guilty and fixed his punishment at imprisonment in the penitentiary for one year. Motions in all four cases were made for a new trial and in arrest of judgment. The motions were overruled and judgment and sentence rendered on the

verdicts. Defendants have sued out this writ of error, and rely upon the ruling of the court in denying the motion in arrest of judgment as ground for reversal.

The argument in support of the error assigned is that the indictments each charge all the defendants with committing rape upon one woman, which it is said was neither legally nor physically possible, as the crime is in its nature several in its perpetration. It is contended that one of them might have been charged with commission of the crime and that the others might have been guilty as accessories before the fact by aiding and abetting in the commission of the crime, but as the indictment does not allege any accessorial facts to apprise defendants whether they were charged as accessories before or at the time of the commission of the crime it was not sufficient to support the verdict and judgment. It is conceded several persons may be jointly indicted and convicted for the commission of one crime, but it is contended that when several are jointly indicted for rape of one woman, the presumption must be indulged that all but one of the parties encouraged and aided the perpetrator in committing the crime, and the indictment must so allege. By our Criminal Code (Smith's Stat. 1923, par. 582,) an accessory who encourages, aids and abets in the commission of a crime shall be considered as principal and punished accordingly. Our Reports contain many cases where two or more were jointly indicted for murder, for robbery with a gun, or other crime, and the proof showed the mortal wound was inflicted by one of the defendants, or that, in case of robbery with a gun, only one of the parties was armed, and all were convicted because they were present aiding and abetting in the commission of the crime. In nearly every one of such cases the indictment did not allege any accessorial facts or acts on the part of those present who aided and abetted. It is necessary that the indictment charge all of the defendants with the crime, as they must all be tried together. This court has often said it is necessary that an accessory before

the fact be indicted and punished as a principal, and that the usual practice is to indict as principal an accessory before the fact. (*People* v. *Snyder,* 279 Ill. 435; *People* v. *VanBever,* 248 id. 136; *Usselton* v. *People,* 149 id. 612; *Fixmer* v. *People,* 153 id. 123.) In *People* v. *Cunningham,* 300 Ill. 376, the court said, where the indictment charges robbery with a dangerous weapon and the evidence does not show all the defendants were armed, it is sufficient to convict all of them where the evidence discloses they participated in the crime. If the defendants had a common design to commit the crime, whatever some of them did in pursuance of the act was the act of all, and all would be guilty. (*People* v. *Powers,* 293 Ill. 600.) In *People* v. *Marx,* 291 Ill. 40, five men were indicted for the rape of one woman. All of them were convicted and the conviction was confirmed by this court. In *Barrett* v. *People,* 220 Ill. 304, three men were jointly indicted for raping one woman. Only two of them were placed on trial. They moved that the State's attorney be required to elect which of them he would proceed against, and it was contended in support of the motion that if the crime was committed there were two separate and distinct crimes. The court denied the motion and the defendants were convicted. Reviewing the conviction, this court said in part: "While they could not commit the act at the same time, the evidence tended to show such concert and agreement in purpose and action as justified the ruling."

There is no bill of exceptions in this record and we can not know what the evidence was. The presumption must be it was sufficient to show that all of the defendants either perpetrated the crime or were present aiding and abetting in its perpetration.

The judgment is affirmed.     *Judgment affirmed.*