(No. 30737.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX MOSHER, Plaintiff in Error.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

DAVID H. CAPLOW, (C. A. CAPLOW, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and MELVIN S. REMBE, both of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, Max Mosher, hereinafter called defendant, was jointly indicted with one Roland Anderson, in the criminal court of Cook County, for the crime of rape on a female of the age of fifteen years. He made a motion for a severance and a separate trial which was denied. In the joint trial that followed both defendant and Anderson were found guilty by a jury and their punishment fixed at terms of five years in the penitentiary. Defendant prosecutes this writ of error. Anderson has prosecuted a separate writ of error which has also been considered at this term of court. *People* v. *Anderson, post,* 128.

The facts show that the prosecutrix and a girl companion, about 9:00 P.M. on the evening of July 6, 1947, in the city of Chicago, accepted the invitation of two men, who were strangers, to take a ride. After some two hours, part of which time was spent in securing refreshments, the companion was taken home and the men headed for a streetcar stop, where prosecutrix could catch a car to her home. They drove beyond this point and the prosecutrix stated that she screamed and attempted to attract the attention of persons along the road. The car was finally stopped in a dark and abandoned area, where both men, individually and in concert committed the acts which prosecutrix testified to. It would serve no useful purpose to depict all of the details but it should be noted that the prosecutrix stated that while Anderson had penetrated her person, she was not sure if the defendant had or not. She further stated that while at the scene she saw and made a mental note of the license number on the car. After the alleged assault she was driven to a point near her home and let out of the car. She arrived home at approximately 1:00 o'clock in the morning and told her mother that she had something to tell her the next morning. She stated that her reason for delaying the disclosure until morning was to prevent undue excitement for her father, who was ill. Early the next day she told her mother of the occurrence, described the men, their car, and of having secured the car license number. She was then taken to the police and her information and description transmitted to them, and as a result Anderson, the owner of the car, was immediately arrested. He and the car were positively identified by the prosecutrix and her companion. A deputy sheriff testified that the license number on the Anderson car, and the car itself, compared favorably with the information given by prosecutrix when she complained to the authorities. Following Anderson's arrest, a cousin of his was detained under suspicion that he had been the second man involved,

but he was released when the prosecutrix failed to identify him. Subsequent investigation led the officers to defendant who lived at the same address with Anderson. The prosecutrix and her companion likewise made positive identification of him. At the trial both girls again identified defendant and Anderson. A physician testified that, on July 9, an examination disclosed a perforated hymen which bled easily.

The defendant categorically denied the charges of the prosecutrix or that he had ever known or seen her, and in defense offered an alibi. He and five witnesses in his behalf testified that on the day of July 6, 1947, he was engaged in moving his mother's beauty shop from 9:00 A.M. until 10:00 P.M., and that he then went to his home with his mother, father and grandfather, had something to eat, and went to bed about 10:30 P.M. Further testimony was introduced to the effect that his general reputation in the community for morality, chastity and decency was good.

The error assigned by defendant to which our first consideration must be directed is that the trial court erred in denying his motion for severance from his codefendant Anderson. The basis for such motion was that Anderson had made statements tending to incriminate the defendant. He refers to a statement made by Anderson at the time of his arrest that he and his wife and defendant and his wife had attended the theater on the evening of the alleged offense. He contends that he was entitled to a severance under the rule of *People* v. *Mutter*, 378 Ill. 216, wherein we stated: "Generally, if one defendant makes confessions implicating the other defendant or defendants, a severance should be ordered." We find nothing in the record to indicate that Anderson's statement was a confession or an incident thereto, or that it is in any manner antagonistic to defendant. It is within the sound discretion of the trial judge to determine whether a defendant is entitled to

a severance, from all the facts brought to his attention. (*People* v. *Albers,* 360 Ill. 73; *People* v. *Payne,* 359 Ill. 246.) We find no abuse of discretion here or any fact which would entitle defendant to a severance. The trial court's ruling in this respect was correct.

It is next urged by defendant that the evidence does not support the verdict, and that he was not proved guilty beyond a reasonable doubt. The defense was an alibi. On the other hand, we have positive identification of the defendant by the prosecutrix that he was one of the men who participated in the assault on her. The girl companion identified defendant as one of the men who picked them up. Such identification along with the prosecutrix's accurate description of the car and license number, through which defendant and Anderson were traced, gives a jury reasonable basis upon which to arrive at a finding of guilt. The credibility of witnesses and the weight to be attached to their testimony are questions to be determined by the jury. (*People* v. *Buford,* 396 Ill. 158; *People* v. *Crowe,* 390 Ill. 294; *People* v. *Grady,* 381 Ill. 224.) Where an alibi is interposed and the evidence is conflicting, the credibility of the witnesses and the weight of their testimony are for the jury, though the identification is only by one witness. (*People* v. *Filas,* 369 Ill. 78; *People* v. *Schmidt,* 364 Ill. 313.) In criminal cases it is the duty of this court to carefully review the evidence, and if there is not sufficient evidence to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed. (*People* v. *Holt,* 398 Ill. 606.) Here the jury obviously believed the testimony of the People's witnesses. After a study of all the facts we are unable to say that the charge against defendant was not proved beyond a reasonable doubt or that the finding of the jury was incorrect. There is some question in the evidence as to whether or not the defendant penetrated the person of prosecutrix and consummated the

crime. Evidence of penetration and consummation on the part of Anderson is clearly indicated in the record. It may be ascertained too that the two men acted in concert with each other in their actions toward the prosecutrix. A conviction of rape will be sustained against more than one defendant where the evidence is sufficient to show that each of the defendants, in furtherance of a common design, either perpetrated the crime or was present, aiding or abetting in its perpetration. (*People* v. *DeStefano,* 332 Ill. 634; *People* v. *Bogue,* 319 Ill. 294.) See, also, *People* v. *Marx,* 291 Ill. 40, where one of defendants, who only drove the car in which the rape occurred, was held equally guilty with those who committed the actual rape. Accepting the testimony of the prosecutrix as true, as the jury did, we are of the opinion that defendant was proved guilty of the crime charged despite the doubt existing as to penetration.

The further errors assigned by defendant are: (1) that the jury's verdict was ambiguous, meaningless and void because it found the defendant guilty on "the _one_ count;" and, (2) that the conduct and comments of the trial judge and prosecutors were unfair and prejudicial to defendant, depriving him of a fair trial. These two errors and the argument presented to this court in their support are identical with those assigned by his codefendant Anderson in his separate writ of error. Such errors have been fully considered in our opinion in that case, (*People* v. *Anderson, post,* 128,) handed down at this day and term. What we said there is controlling here as to these two assignments of error, and we see no reason to review them further in this opinion. Suffice it to say that they have been decided adversely to defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*