(No. 31544.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM H. THOMPSON, Plaintiff in Error.

*Opinion filed September 21, 1950.*

LOUIS L. GOULD, and STEPHEN LEE, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and EDWARD R. FINNEGAN, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, William H. Thompson, was indicted jointly with one Lenward McGriff in the criminal court of Cook County and charged with the crime of armed rob-

bery. In a trial before the court, without a jury, McGriff entered a plea of guilty and appeared as a witness against the plaintiff in error, who was found guilty and sentenced to a term of from one to five years in the penitentiary. Plaintiff in error prosecutes this writ of error to review his judgment of conviction, contending that he was not properly identified, that the admission of evidence relating to another offense denied him a fair trial, and that he was tried for two disassociated felonies in one hearing.

The record shows that at 5:40 P.M., April 8, 1949, two men entered the Constant Hosiery Shop at 8 W. Washington Street, Chicago. One, who was armed with a gun, directed the manager, Pearl N. Williams, to gather the money from the store and to put it into two sacks. She complied, taking about $128.56 from the cash register. Following this, the armed man said: "What about your safe? I will give you three minutes to get it open." Thereupon he followed Mrs. Williams to the back room of the store, and on seeing Mr. Williams seated there, shouted: "Let's get out of here," and with his accomplice hurriedly left the store. The two ran down Washington Street to Dearborn Street where they entered the subway and separated. In the meantime, Williams pursued them on foot and called to traffic officer Ernest Sporleder for assistance. The officer entered the subway and was able to capture and arrest one of the men who identified himself as Lenward McGriff. He did not then name his companion, who escaped.

The following day Mrs. Williams received an anonymous phone call, and was informed that the other man who had participated in the robbery was William H. Thompson, the plaintiff in error. The caller accurately described how Thompson had been dressed, and gave the address of his residence. When the police received this information they went to the Thompson residence but could not find the plaintiff in error at home. Two days

later, after conferring with an attorney, plaintiff in error voluntarily surrendered to the authorities. Two police officers then took him to the hosiery shop where Mrs. Williams and her assistant, Mary Schreier, who was also present during the robbery, identified him as the robber who held the gun.

At the trial both witnesses again made positive identification of the plaintiff in error. Mrs. Williams was permitted to testify without objection that she was sure of her identification because plaintiff in error was the same man who had held her up on November 20, 1948, at which time $116.00 was taken from the hosiery shop. McGriff, the accomplice and codefendant, testified that he had entered the hosiery store with plaintiff in error without knowing his purpose, had seen him draw a gun and receive the money in the cash register from Mrs. Williams, had seen his entry into the back room, and told of their subsequent flight and of the witness's capture.

Testifying in his own behalf, plaintiff in error denied the crime and interposed an alibi. He admitted having ridden to the loop on a streetcar with McGriff at 3:30 P.M. the afternoon of April 8, 1949, but stated that he had gotten off while McGriff continued on. Plaintiff in error related that he had looked at clothing and movie advertisements until 4:40 P.M., at which time he left for his home, arriving there twenty minutes later. He denied that he had seen McGriff after 3:30 P.M. or that he had ever been in the hosiery shop either that day or on November 20, 1948. He likewise denied that Mrs. Williams had identified him positively on April 11, 1949, when he was taken to the hosiery shop. His version was that Mrs. Williams first identified him, changed her mind, then identified him again only after going to the rear room with one of the police officers. At the trial Mrs. Williams admitted stepping into the rear room with one of the officers, but testified that she had made positive identification before doing so. One

Frances Peatry testified that she had seen plaintiff in error at his home at 6:30 on April 8, 1949, and had at that time accompanied him to a movie from which they returned at 10:30 P.M. His mother testified that she did not see him between the morning of April 8, 1949, and 10:30 P.M. the same day. After a consideration of all the evidence, the trial court found plaintiff in error guilty of armed robbery as charged.

In this court, plaintiff in error contends that because he was brought alone before the witnesses Williams and Schreier for the purpose of identification, their identification is not entitled to the same weight and credibility as in the case where a witness picks out an accused from a number of persons. It is true that this court has said that in some circumstances identification procedure, such as used in the instant case, impairs, if it does not entirely destroy, the evidence of identification. (*People* v. *Sanders*, 357 Ill. 610; *People* v. *Botulinski*, 383 Ill. 608.) Such procedure does not render the evidence of identification incompetent but merely affects its weight. (*People* v. *DeSuno*, 354 Ill. 387; *People* v. *Martin*, 304 Ill. 494.) In the cases where such evidence has been unfavorably considered, there existed the additional elements of lapsed time between the crime and the identification, diversified or contradictory opinion among the witnesses, and the question as to whether the identifying witnesses had seen the crime committed. None of these factors exist in the present case where the identification was timely and positive, and was made by two witnesses who were present at the robbery and had ample opportunity to see and know the accused. The question of identification here was one for the judge, who heard and saw the witnesses, and who was in a position to determine the weight to be given their testimony. The testimony of one witness, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v.

*Mosher,* 403 Ill. 112; *People* v. *Leach,* 398 Ill. 515.) Where the identification is positive and corroborated by other witnesses, such identification is adequate and sufficient to justify conviction. (*People* v. *Kelley,* 367 Ill. 318.) We conclude that the evidence of identification in the record before us was sufficient.

Plaintiff in error next complains of the admission of the evidence which tended to establish that he had previously robbed the hosiery shop of $116 on November 20, 1948. He urges that the evidence as given by Mrs. Williams should have been limited to such details as would bear on his identification only. We note that no objection was made to Mrs. Williams's testimony so as to preserve the question for review, nor was the alleged error assigned in plaintiff in error's written motion for new trial. Errors not thus raised are deemed to have been waived. (*People* v. *Vickers,* 326 Ill. 290; *People* v. *Cione,* 293 Ill. 321.) Here, for the purpose of strengthening her identification of plaintiff in error as the man who had robbed her on April 8, 1949, Mrs. Williams testified that plaintiff in error had previously been in her shop on November 20, 1948, and had robbed her at that time. Plaintiff in error admits that this was proper. We do not see that he was materially prejudiced by the fact that she was allowed to further testify, without objection, that plaintiff in error was unarmed and that $116 had been taken at the first robbery. While such details were possibly irrelevant to the identification, they were details which were clearly related to the prior offense, evidence of which was admissible in this instance.

The final contention is that plaintiff in error was tried for two disassociated felonies at one hearing. This assignment of error has neither been properly preserved for review, nor does the record support such an assertion. At the close of the hearing of this cause it appears that the assistant State's Attorney, who conducted the trial, asked plaintiff in error's counsel if he would stipulate as to in-

dictment No. 49-908, saying: "This is the occurrence of November 20, 1948. We can dispose of both cases at once." To this proposal the trial court said: "There was not any testimony directly about that other indictment. * * * You are trying this one case." These remarks of the court dispel any contention or belief that plaintiff in error was tried for two felonies in one proceeding.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*