(No. 3864.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BAKER, Plaintiff in Error.

*Opinion filed May 23, 1956.*

RICHARD H. DEVINE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant was found guilty of the crime of armed robbery by a jury in the criminal court of Cook County; the court overruled his motion for a new trial, denied his application for probation, and sentenced him to serve a term of not less than two years nor more than six years in the Illinois State Penitentiary. He prosecutes this writ of error to review the judgment of the trial court, assigning and arguing the following reasons for reversal: (1) that the evidence did not establish the guilt of the defendant beyond a reasonable doubt because the identification of the defendant was doubtful, vague and uncertain, and the testimony of an accomplice was unworthy of belief; (2) that the court erred in failing to inform the jury that John Delbert

was a court's witness and that defendant was not vouching for his truth and veracity; (3) that the court erred in permitting the cross-examination of Delbert concerning his conviction of other crimes; (4) that the court erred in allowing Delbert to be impeached on immaterial and irrelevant matters to the prejudice of the defendant.

The first two assignments of error have been waived. The defendant filed a motion for a new trial containing nine specific written assignments of error, none of which raised either the question of the legal sufficiency of the evidence, generally or in the particulars urged here, or the failure of the court to inform the jury that Delbert was a court's witness. Where the grounds for a motion for a new trial are stated in writing, a reviewing court is limited to a consideration of the errors alleged in the written motion and all other errors are deemed to have been waived. (*People* v. *Cosper,* 5 Ill.2d 97; *People* v. *Brand,* 415 Ill. 329, *certiorari* denied, 347 U.S. 949; *People* v. *Thompson,* 406 Ill. 555; *People* v. *Bindrin,* 404 Ill. 532, *certiorari* denied, 339 U.S. 939.) We note, moreover, that the defendant offered no limiting, qualifying or cautionary instruction as to the status of a court's witness. He could have tendered such instruction in this case, but failed to do so; and he cannot now fairly object that it was not given. *People* v. *Levine,* 342 Ill. 353; *People* v. *Lawson,* 328 Ill. 602.

Thomas Casey, an inmate of the reformatory for boys at Sheridan, Illinois, and a witness for the State, testified that Ronald Dudak, as driver of the automobile in question, the defendant Baker, John Delbert and himself were riding around and formulated plans for a "stick-up"; that he chose the President Hotel in the city of Chicago as the place for the crime; that Dudak parked the automobile on Cleveland Street and there remained while the defendant, Delbert and himself committed the robbery in said hotel; that after the robbery the three ran back to the parked automobile which Dudak drove from the vicinity; and that

the money was placed in the glove compartment of the automobile and was later divided evenly between the four.

The court, at defendant's request, called John Delbert, who was also an inmate of the reformatory at Sheridan, as a court's witness. This witness was cross-examined extensively by counsel for the defendant and the State's Attorney. He testified in substance that defendant was with him, Dudak and Casey, in Casey's automobile, from early evening on June 24, 1953, until sometime in the morning on June 25, 1953; that when they drove to the President Hotel, defendant was dopey or sleepy and did not get out of the car; that defendant's condition was apparently due to the fact that he had been drinking early in the evening; that defendant did not participate in the division of the money or receive any part of it. On cross-examination by the State's Attorney and without objection by defense counsel, Delbert related that he had been convicted of other infamous crimes, one of which was the robbery of an individual on June 25, 1953, the date of the robbery at the President Hotel. He was also cross-examined as to whether either Baker or himself got out of the car at any time or place before arriving at the hotel in question. He finally related that he had gotten out of the car on about four occasions and that Baker had been out of the car on one occasion when they stopped to get some hot dogs and at another time to go to the washroom in the Haliburton Hotel because he (Baker) was sick. Delbert denied that Casey, Baker and himself got out of the car together at the Haliburton Hotel, even though confronted with his contrary, prior statement. Defendant contends that this cross-examination was highly improper and prejudicial because its effect was to link Baker with crimes other than the crime for which he was on trial.

While a defendant may be impeached on the ground of his prior conviction of other infamous crimes only by introduction of the records of such prior convictions, a wit-

ness, not the defendant, may be cross-examined as to his prior conviction of other infamous crimes to impeach his credibility. (*People* v. *Roche,* 389 Ill. 361; *People* v. *Halkens,* 386 Ill. 167.) We find that this line of cross-examination was proper.

Likewise, the cross-examination concerning the defendant's actions on the night in question was proper. The defendant had testified that he became unconscious while riding around in the automobile at about 9:30 in the evening and that he remembered nothing until he awakened sometime after 2:30 in the morning; that his condition was due either to drinking or to an epileptic seizure; that he had not been out of the automobile during the course of the evening and had not participated in the robbery at the President Hotel or a division of the money. He was corroborated in many respects by the witness Delbert. The issue thus presented was whether defendant had been in an unconscious or semi-conscious condition during the period of time when the robbery took place and for a considerable time prior thereto, as stated by the witness Delbert and defendant, or whether, as the State's witnesses related, the defendant was able to and did get out of the automobile on various occasions and did participate in the robbery at the President Hotel. It was therefore competent for the State to establish by the cross-examination of Delbert that defendant was in possession of his faculties and had been out of the automobile during the course of the evening and prior to the time of robbery charged in the indictment. It was also proper to cross-examine Delbert concerning the occasions when he had been out of the automobile in order to test his recollection of events and determine whether, during the time mentioned, he had been with the defendant and had observed his condition.

We have carefully examined the record and find nothing in the questions asked of Delbert or the answers given by

him which tended to implicate the defendant in any crime other than that for which he was on trial. We find no error in this respect. We further note that the record shows that the trial judge, out of the presence of the jury, admonished Delbert to say nothing which would in any way involve the defendant in other crimes.

The State called Eugene Precin, a statement reporter for the State's Attorney's office, to show that on a prior occasion, Delbert had made certain statements concerning the defendant's actions on the night of the robbery which were inconsistent with his testimony at the trial. Defendant contends that this impeachment of Delbert was upon immaterial and irrelevant matters and constitutes prejudicial error. We have held that it is improper to impeach a witness on an immaterial statement. (*People* v. *Dascola,* 322 Ill. 473; *People* v. *Decker,* 310 Ill. 234; *People* v. *Israel,* 269 Ill. 284.) The State's Attorney concedes this to be the rule, but contends that the statements on which Delbert was impeached were relevant and material. We agree.

A careful review of the entire record leads us to conclude that defendant received a fair trial free from substantial prejudicial error, and that his conviction was justified and should be affirmed. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*