(No. 36126.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES MOSLEY, Plaintiff in Error.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

EDMUND GODULA, of North Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, James Mosley, was tried before a judge of the criminal court of Cook County and was found guilty of the unlawful sale of narcotics. He was sentenced to the penitentiary for a term of not less than 10 nor more than 12 years.

On this writ of error he first contends that his guilt was not established beyond a reasonable doubt. Eugene Nicoletti, a police officer attached to the narcotics division, testified that he was first introduced to the defendant at approximately 12:15 p.m., on November 24, 1959. He next saw the defendant in Harry's Restaurant on West Madison Street at about the same time on December 1, and told him that he wanted to buy some heroin. A price was agreed upon and the defendant left, telling Nicoletti that he would return in fifteen minutes. When he did not return, Nicoletti began a search and found him about 2:45 p.m. in another Madison Street restaurant, where the transaction was com-

pleted. The substance delivered to Nicoletti by the defendant was heroin. On December 3 Nicoletti again saw and spoke to the defendant in Harry's Restaurant, and then described him to other officers, who entered the restaurant and arrested him. Nicoletti and Walter Kienzle, one of the arresting officers, testified that at the police station later that day Kienzle asked the defendant whether he realized that he had made a narcotics sale to a police officer and that the defendant's answer was that he thought Nicoletti was a police officer when he made the sale.

The defendant testified and denied having seen or met Nicoletti prior to December 3. He also denied that he admitted that he had sold narcotics to Nicoletti, and said that the police did not tell him why he was arrested until the following day, December 4. He testified that on November 24, on November 28 and again on December 1, he went to a doctor's office at about noon and remained there for an hour. The defendant was employed part time as a sign painter by William Gaston, and he testified that before his December 1 visit to the doctor, he stopped at a cigar store owned by Eli Freedman to leave a message for Gaston that he had a sore throat and would be unable to work that day. The doctor testified that he could not remember the defendant but that his records disclosed that he had treated an Andora Mosley on those dates and that his associate had given Andora a bottle of cough syrup on November 28. The doctor's office hours were from 11 :00 a.m. to 1 :00 p.m. Several witnesses, including the defendant's brother, testified that the defendant's given name was Andora, and the defendant testified that he told the police it was James because he was "excited and afraid."

Freedman testified that the defendant came to his store every day to wait for Gaston to see if there was work available, and that on an afternoon in December, after 1 :00 p.m., the defendant came from the doctor with a bottle of cough syrup and asked him to tell Gaston that he was not

able to work that day. Gaston, however, testified that this occurrence took place in November. Freedman, Gaston and the defendant's brother testified that the defendant's reputation for truth and veracity was good.

The defendant urges that there were inconsistencies in Nicoletti's testimony that negative a finding of guilt beyond a reasonable doubt. The alleged inconsistencies relate to differences in Nicoletti's description of the defendant's method of operation on November 24 and on December 1. We see no merit in this suggestion, and in any event Nicoletti's testimony concerning the November 24 occurrence was not completed because the defendant's objection to testimony concerning it was sustained on the ground that it related to a separate offense. The defendant also maintains that Nicoletti's testimony was defective in that he could not describe the clothing the defendant was wearing on November 24 or December 1, and could not name all of the places on West Madison Street that he visited on those dates. These factors go to the credibility of the witness and they are not of such significance that the trial judge was required to hold that the guilt of the defendant was not established beyond a reasonable doubt.

The defendant's assertion that his out of court statement was not evidence of the truth of the facts contained therein is incorrect. The voluntary admission of an accused is always admissible for the purpose of establishing his guilt. (*People* v. *Niemoth,* 409 Ill. 111, 118-119; *People* v. *Griswold,* 405 Ill. 533, 541; *People* v. *Hobbs,* 400 Ill. 143, 151.) The defendant's alibi was corroborated only by the doctor's records. The doctor's office hours were from 11:00 a.m. to 1:00 p.m., but he did not know at what time he had seen the defendant, and his office was within two blocks of the restaurant where Nicoletti testified that he met the defendant at 12:15 p.m. In our opinion, the evidence did not require a finding that there was a reasonable doubt as to the defendant's guilt.

The defendant's next contention is that he was denied a fair trial because of the questioning of witnesses by the trial judge. After the police chemist had testified that the substance he examined was heroin, the judge asked him from whom he had received it, and whether it had been sealed in a particular envelope identified as an exhibit. The judge also asked the witness Gaston whether he deducted the defendant's salary from his income tax return or paid social security taxes on it. The discretion of the trial judge as to the extent to which he will examine witnesses in carrying out his duty to seek the truth is a sensitive one, (*People* v. *Trefonas,* 9 Ill.2d 92, 100,) but we do not find that it was abused in this case.

Finally, the defendant urges that it was error for the prosecutor to ask the witness Gaston, on cross-examination, whether he had been convicted of rape in 1953. While we have held that for impeachment purposes a witness other than the defendant may be cross-examined as to a former conviction, (*People* v. *Moses,* 11 Ill.2d 84, 88; *People* v. *Baker,* 8 Ill.2d 522, 525-526; *People* v. *Halkens,* 386 Ill. 167,) we have also pointed out that "it would be highly improper to suggest, by way of questions on cross-examination, that a witness had been confined in the penitentiary, merely for the purpose of throwing suspicion upon his credibility. Such a practice has been held reversible error." *People* v. *Halkens,* 386 Ill. 167, 179; see also *People* v. *Singer,* 288 Ill. 113, 121.

In the present case the witness answered that he knew nothing of such a conviction. The record does not suggest the basis for the question. There was no objection, and the question and answer passed without comment. Upon this neutral record we can not assume that there was no basis for the question, and that it was maliciously designed to cast suspicion upon the witness. In any event the defendant could hardly have been prejudiced, because as an alibi witness Gaston's testimony failed to corroborate the defend-

216

ant, and as a character witness, his testimony was technically inadmissible because no attack had been made upon the defendant's credibility. *People* v. *Thomas,* 18 Ill.2d 439, 444.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*