THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD WHITE, Defendant-Appellant.

(No. 55639;

First District—November 8, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Edward B. Mueller, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The defendant was arrested and charged with murder. After a trial by jury he was found guilty and sentenced to serve a term of 14 to 30 years in the custody of the Illinois Department of Correction. Only one point is raised on appeal: whether the trial court committed reversible error by not giving an instruction defining manslaughter, *sua sponte*, where none was tendered by the prosecution or the defense. The facts follow.

On October 19, 1969, the defendant and the deceased, Maurice Evans, were playing basketball in the Manley School playground at 2928 West

Ogden Avenue in Chicago. Four other players participated in this game. Defendant White and Evans were on opposing teams, and as the game progressed they fouled each other often enough that a fight broke out between them. The defendant later left the playground and returned a few minutes later, brandishing a gun, and walked up to Evans. One of the other players, Henry Hayes, tried to intervene, but the defendant turned the gun on him. When Hayes backed off, the defendant again turned to Evans and pointed the gun at him. Some of the bystanders called to Evans, "Get him; the gun isn't loaded." From this point on, there is conflict in the testimony. Witnesses for the prosecution testified that defendant said, "Ain't nothing in the gun, huh?" then pulled the trigger, killing Evans.

Defendant, testifying in his own behalf, stated that Evans had his hand in his pocket in a manner which would indicate that he had a gun, and that when the crowd started yelling, Evans said, "If you don't kill me, I'm going to kill you." He stated that Evans kept advancing toward him, and when Evans pulled his hand from his pocket, the defendant fired.

Defendant contends that the record contains evidence upon which a finding of manslaughter could be returned, and that an instruction defining that crime should have been given. The record shows no evidence that a manslaughter instruction was tendered by either the prosecution or the defense. Defendant thus asserts that the court should have given the instruction *sua sponte*.

The Supreme Court of Illinois has held that in circumstances such as this the trial court may, on its own motion, submit such an instruction, but the failure to do so is not reversible error. *People v. Caldwell*, 39 Ill.2d 346; *People v. Taylor*, 36 Ill.2d 483; *People v. Baker*, 8 Ill.2d 522; *People v. Weisberg*, 396 Ill. 412.

On this basis, we find no merit in defendant's contention, and the judgment is affirmed.

Judgment affirmed.

HAYES and LEIGHTON, JJ., concur.