DECISION
{¶ 1} Following a bench trial, defendant-appellant Lucian Bailey was convicted of aggravated robbery with an accompanying firearm specification, robbery, carrying a concealed weapon, and having a weapon while under a disability. The court imposed a seven-year prison term for the aggravated robbery and a consecutive three-year prison term for the firearm specification. The two-year prison term for the robbery and the one-year prison terms for each remaining count were to be served concurrently with the prison term for aggravated robbery. Bailey now appeals his convictions and his sentence.
 {¶ 2} In the early evening hours of November 25, 2003, while Vernon Crouch was preparing to close down the booth where he worked as a parking lot attendant, a man later identified as Bailey entered the booth, displayed a handgun, and stole approximately thirty-seven dollars from Crouch. Crouch called the police and described Bailey. The police dispatcher broadcasted the following pertinent description: a black male, twenty-five, wearing a black leather coat with white trim and tan sweatpants.
 {¶ 3} Police officer David Johnston testified that, after hearing the broadcast description, he observed Bailey walking down the street, approximately three blocks from the crime scene. He began to follow him in his police cruiser. Bailey began to run and Johnston followed him, shining a spotlight on him. Johnston radioed for assistance. Johnston observed Bailey throw a gun under a parked car. Police officer Candice Jump testified that she observed Bailey running and saw him throw an object under a parked car. Bailey surrendered when he was boxed in by police cruisers. Officers returned Bailey to the scene of the crime, where Crouch identified him as the man who had robbed him.
 {¶ 4} Police officers recovered thirty-seven dollars in cash from Bailey. The handgun was recovered by Officer Jump, and it was determined that the gun was operable.
 {¶ 5} Bailey testified that he was wearing gray, not tan, sweatpants that day, and that his black hooded coat did not have any white trim or fur. Bailey stipulated that he was under a disability because of previous convictions.
 {¶ 6} In his first assignment of error, Bailey contests the weight and sufficiency of the evidence supporting his convictions. In evaluating a sufficiency-of-the-evidence claim, we must determine whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[1] When reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[3]
 {¶ 7} Bailey argues that there was insufficient evidence to convict him of aggravated robbery and carrying a concealed weapon because the state did not prove that he was the perpetrator. Viewing the evidence in a light most favorable to the state, we hold that there was sufficient evidence to prove beyond a reasonable doubt that Bailey was the perpetrator. Bailey was stopped shortly after the incident wearing clothes substantially similar to what the victim had described. The victim also identified Bailey the same night of the crimes. Additionally, there was sufficient evidence to convict Bailey of carrying a concealed weapon when two officers observed him throwing a gun under a parked car, as well as sufficient evidence to convict Bailey of having a weapon while under a disability when Bailey admitted that he had previous convictions. Finally, we hold that the convictions were not against the manifest weight of the evidence.
 {¶ 8} With respect to the robbery conviction, both the state and Bailey agree that the trial court had found Bailey "not guilty" of robbery. The trial transcript reflects this finding, but the court's judgment entry states that Bailey was guilty of robbery.
 {¶ 9} The Ohio Supreme Court has explained that a court speaks only through its journal entries, and thus it is imperative that those journal entries reflect the truth.[4]
Further, "in those instances where it can be shown that [journal entries] do not speak the truth, the courts should be quick to require their correction and that the journal is made to speak the truth so far as the truth can be made to appear."[5]
 {¶ 10} Because the trial court's journal does not reflect the truth of what happened in this case, we remand this case to the trial court with the instruction to correct its journal. Accordingly, with respect to the robbery conviction, we sustain Bailey's assignment of error in part.
 {¶ 11} In his second assignment of error, Bailey argues that the trial court erred by imposing more than the minimum sentence for the offenses of aggravated robbery, carrying a concealed weapon, and having a weapon under a disability, when he had never previously served a prison term.
 {¶ 12} As mandated by R.C. 2929.14(B)(2), the trial court here found that a minimum prison term would "demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others," before imposing a sentence longer than the minimum term.
 {¶ 13} While this appeal was pending, though, the Ohio Supreme Court held, in State v. Foster,[6] that R.C.2929.14(B) is unconstitutional in that it permits the trial court to impose more than the minimum sentence only after the court has made findings of fact not proved to a jury beyond a reasonable doubt or admitted by the defendant.[7] But the Foster
court held that the unconstitutional provisions could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."[8]
 {¶ 14} In this case, because the imposition of more than the minimum sentences for aggravated robbery, carrying a concealed weapon and having a weapon under a disability was based on an unconstitutional statute, we hereby vacate those sentences and remand the cause for resentencing in light of Foster.[9]
The trial court may impose any reasonable sentence within the applicable statutory ranges. The second assignment of error is sustained.
 {¶ 15} In conclusion, we affirm the trial court's findings of guilt except for the robbery offense. With respect to the robbery, we instruct the trial court to correct its judgment entry to reflect that Bailey was acquitted of that offense. Finally, we vacate the prison terms imposed for aggravated robbery, carrying a concealed weapon, and having a weapon under a disability, and remand this cause for resentencing.
Judgment affirmed in part and reversed in part, and cause remanded.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[3] State v. Thompkins, 78 Ohio St.3d 80, 387, 1997-Ohio-52,678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31,42, 102 S.Ct. 2211.
[4] State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118, 551 N.E.2d 183.
[5] Id. at 119, quoting State ex rel. Warner v. Baer (1921),103 Ohio St. 585, 588, 134 N.E.2d 786.
[6] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___.
[7] Id., paragraph one of the syllabus.
[8] Id., paragraph seven of the syllabus.
[9] Id. at ¶ 104 (resentencing the proper remedy for sentences based upon unconstitutional statutes).